UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JONATHAN SOSA- CORNIEL,

                    Plaintiff,

          -against-

CITY OF NEW YORK; SERGEANT EVE PIZARRO, (Shield No. 3536), individually and in her official capacities; and NYPD Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

ECF Case

15 CV 03872

PLAINTIFF, JONATHAN SOSA-CORNIEL, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1.    PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, and SERGEANT EVE PIZARRO, (Shield No. 3536), and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5. PLAINTIFF demands a trial by jury in this action.

## PARTIES

6. PLAINTIFF, JONATHAN SOSA- CORNIEL, is a resident of BRONX County in the City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendant Sergeant EVE PIZARRO Shield No. 3536 and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentioned PIZARRO and the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13. On or about July 8, 2012 at or around 6:22 p.m., PLAINTIFF was lawfully within the vicinity of 2400 Webb Avenue, Bronx, New York.

14. Several unidentified New York City Police Officers, including defendant PIZARRO and the DOE defendants, approached PLAINTIFF and several of his friends.

15. The officers unlawfully searched PLAINTIFF, despite the fact that they had no reasonable suspicion or other lawful basis to do so.

16. Defendants agree that they recovered no contraband from PLAINTIFF's person; they claimed to have recovered marijuana on the ground.

17. Notwithstanding the fact that defendants had no probable cause to believe that PLAINTIFF had committed any crimes or offenses, defendants placed PLAINTIFF into handcuffs and under arrest.

18. PLAINTIFF was subsequently transported to the 52nd police precinct.

19. At the precinct the officers, including defendant PIZARRO falsely informed employees of the Bronx County District Attorney's Office ("DA's Office") that they had observed PLAINTIFF unlawfully and criminally possess marijuana.

20. Neither PIZARRO nor the DOE defendants observed PLAINTIFF violate any laws / ordinances.

21. The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

22. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/or continue the criminal prosecution of PLAINTIFF.

23. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

24. Additionally, the officers unlawfully searched the car of PLAINTIFF. The officers also searched PLAINTIFF's telephone.

25. PLAINTIFF was transported to Bronx central booking and was subsequently arraigned.

26. At arraignment, PLAINTIFF accepted an adjournment in contemplation of dismissal ("ACD") and was released after spending approximately twenty-four (24) hours in custody.

27. On July 8, 2013 PLAINTIFF's criminal case was dismissed.

28. PLAINTIFF suffered damage as a result of defendants' actions. PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM ONE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983; MONELL CLAIM

29. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct.

32. The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

33. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

34.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF'S constitutional rights.

35.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF'S constitutional rights.

36.     The acts complained of deprived the PLAINTIFF of the following constitutionally protected rights:

    a.      Not to be deprived of liberty without due process of law;

    b.      To be free from seizure and arrest not based upon probable cause;

    c.      Not to have summary punishment imposed; and

    d.      To receive equal protection under the law.

37.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TWO
### Unlawful Stop and Search

38.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

39.     Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched plaintiff.

40.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM THREE
### False Arrest

41. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

42. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

43. As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM FOUR
### Malicious Abuse of Process

44. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place PLAINTIFF under arrest.

46. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

47. The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM FIVE
### Denial Of Constitutional Right To Fair Trial

49. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

50. The individual defendants created false evidence against PLAINTIFF.

51. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

52. In creating false evidence against PLAINTIFF, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFF's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIX
### Failure To Intervene

54. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SEVEN
**Unlawful Entry and Search**

58. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

59. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and searched PLAINTIFF's vehicle without a warrant or other cause to do so. Defendants also unlawfully searched the body of PLAINTIFF.

60. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         May 19, 2015

_____
Katherine E. Smith
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*